```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
BRIDGET GAMBLE,                       |
                                      |
            Plaintiff,                |
                                      |      04 Civ. 1198(KMW)(HBP)
     -against-                        |        OPINION AND ORDER
                                      |
EAST BRONX N.A.A.C.P. DAY CARE        |
CENTER, INC.,                         |
                                      |
            Defendant.                |
--------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

Plaintiff Bridget Gamble ("Plaintiff") moves for attorneys' fees, costs, pre-judgment interest, and post-judgment interest. The Court awards (1) attorneys' fees in the amount of $10,750.00; (2) costs in the amount of $349.65; (3) pre-judgment interest in the amount of $7,906.24; and (4) post-judgment interest in accordance with 28 U.S.C. § 1961.

**I. Procedural History**

Plaintiff brought this action, alleging that her employer, Defendant East Bronx N.A.A.C.P. Day Care Center, Inc. ("Defendant"), violated (1) the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq., by failing to contribute to Plaintiff's pension plan over an approximately four-year period, and (2) the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the New York State Labor Law, N.Y. Lab. Law Art. 6, §§ 190-199, Art. 19, §§ 650-665 (McKinney 2007), by failing to pay Plaintiff for hours worked in excess of her normal, forty-hour work week.

1

By Report and Recommendation dated December 16, 2005, familiarity with which is assumed, Magistrate Judge Henry B. Pitman recommended that a default judgment in favor of Plaintiff be entered in the amount of $23,126.74. (Docket Entry 8.) On January 25, 2006, the Court adopted this recommendation. (Docket Entry 13.) On February 6, 2006, the Clerk's Office entered judgment for Plaintiff in the amount of $23,126.74. (Docket Entry 15.)

Plaintiff now moves for attorneys' fees, costs, pre-judgment interest, and post-judgment interest. (Docket Entries 10, 17, 18.) By Report and Recommendation dated February 29, 2008 ("Report"), familiarity with which is assumed, Magistrate Judge Pitman recommended the award of (1) attorneys' fees in the amount of $11,500.00; (2) costs in the amount of $349.65; (3) pre-judgment interest in the amount of $8,579.80; and (4) post-judgment interest pursuant to 28 U.S.C. § 1961. (Report 24, Docket Entry 19.)

The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), in conjunction with Rule 6, of the Federal Rules of Civil Procedure, they had ten days from service of the Report to file any objections. The Report also informed the parties of the opportunity to request an extension of time to file objections. Finally, the Report explicitly cautioned that failure to file timely objections would preclude appellate review. (Report 25.)

No objections have been filed, and the time to object has expired. See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993). The Second Circuit "ha[s] adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision," Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (citations omitted); "[t]he Supreme Court upheld this practice, at least when the parties receive clear notice of the consequences of their failure to object." Id. (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).

## II. Discussion

The Court has reviewed the Report and finds it to be well-reasoned and free of any "clear error on the face of the record."[1] Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The Court therefore adopts the Report's analysis, but modifies the calculation of attorneys' fees and pre-judgment interest. The Court also clarifies the award of post-judgment interest.

### A. Attorneys' Fees

The Court adopts the Report's recommended reduction of hours

---

[1] The Court notes that the Court of Appeals for the Second Circuit issued an Amended Opinion, Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, No. 06 Civ. 0086, 2008 WL 961313 (2d Cir. Apr. 10, 2008), which superseded an Opinion cited multiple times in the Report, Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110 (2d Cir. 2007). (Report 9-10.) However, the Amended Opinion does not affect the reasoning of the original Opinion relied upon in the Report.

3

from 17.75 hours of partner time to 15.0 hours of partner time, and from 37.75 hours of associate time to 25.0 hours of associate time.  (Report 14-16.)

The partners who worked on this case seek compensation at a $350.00 hourly rate.  (Report 4-5.)  The Report recommended applying an hourly rate of $350.00 to the full 15.0 hours of partner time.  The Court adopts this recommendation.

The senior associate who worked on this case seeks compensation at a $250.00 hourly rate.  (Report 5.)  The three junior associates who worked on this case seek compensation at a $200.00 hourly rate.  (Id. at 6.)  The Report recommended applying an hourly rate of $250.00 to the reasonable amount of associate time to have spent on this case, 25.0 hours.  The Court agrees with the Report's recommendation that the reasonable amount of associate time to have spent on this case is 25.0 hours.  However, the Court divides the 25.0 hours of associate time into 10.0 hours of senior associate time and 15.0 hours of junior associate time.  The Court applies an hourly rate of $250.00 to the 10.0 hours of senior associate time and an hourly rate of $200.00 to the 15.0 hours of junior associate time.

Therefore, the Court calculates the award of attorneys' fees to be $10,750.00 as follows:

Partner time             15.0 hours x $350.00/hour = $5,250.00
Senior associate time    10.0 hours x $250.00/hour = $2,500.00
Junior associate time    15.0 hours x $200.00/hour = $3,000.00

### B. Pre-Judgment Interest

The Report recommended calculating pre-judgment interest by using "a simple interest calculation on the total of the unpaid contributions from a date between 1999 and February 2006." (Report 22.) The Court adopts this methodology.

The amount of unpaid contributions is $22,142.00. (Report 23.) The calculation of pre-judgment interest starts from January 1, 2001.[2] The calculation of pre-judgment interest ends on February 6, 2006, the date that the Clerk's Office entered judgment. There are 1,862 days, or approximately 5.101 years, between January 1, 2001 and February 6, 2006. The appropriate interest rate is seven percent.[3]

Therefore, the Court calculates the award of pre-judgment interest to be $7,906.24 as follows:

$22,142.00 x 5.101 years x 7.0% = $7,906.24

---

[2] The Report recommended that pre-judgment interest should be calculated from January 2001. (Report 22-23.) Defendant failed to contribute to Plaintiff's pension plan "from 1999 through 2002." (Dec. 16, 2005 Report ¶ 7.) The Court thus adopts the Report's recommendation and specifies the starting date of January 1, 2001 because it approximates the halfway point in Defendant's four-year failure to contribute to Plaintiff's pension plan.

[3] In accordance with 26 U.S.C. § 2261, underpayment rates ranged from four percent to nine percent between January 1999 and February 2006. See Rev. Rul. 2007-16, 2007-13 I.R.B. 807. The Report recommended applying an interest rate of 7.5 percent because it is "within the applicable range" of four percent to nine percent. (Report 22-23.) The Court instead applies an interest rate of seven percent because it is the average of the underpayment rates in effect from January 1999 until February 2006, rounded to the nearest whole percent. See Jacobson v. Artemis Elec. Servs., Inc., No. 04 Civ. 2567, 2007 WL 3232514, at *5 (E.D.N.Y. Nov. 1, 2007) (using "the average of the underpayment rates in effect" during the relevant time period).

5

### C. Post-Judgment Interest

The Court agrees that Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. (Report 24.) The Court clarifies that Plaintiff is entitled to post-judgment interest on the award of $23,126.74 from February 6, 2006 until the date of payment. See 28 U.S.C. § 1961; see also Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 55 (2d Cir. 1998) ("Post-judgment interest commences from the date a judgment is ascertained in a meaningful way and supported by the evidence.") (internal quotation marks and citations omitted).

Plaintiff is also entitled to post-judgment interest on the award of attorneys' fees, costs, and pre-judgment interest in the amount of $19,005.89 commencing on the date the Clerk's Office enters judgment and ending on the date of payment. See 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); see also Alston v. Wall Street Garage Parking Corp., No. 03 Civ. 5418, 2004 U.S. Dist. LEXIS 9676, at *6 (S.D.N.Y. May 28, 2004) (finding that the "plaintiff is entitled to postjudgment interest under 28 U.S.C. § 1961 on all sums awarded" including attorneys' fees, costs, and interest); Mason Tenders Dist. Council Welfare Fund v. Ciro Randazzo Builders, Inc., No. 03 Civ. 2677, 2004 U.S. Dist. LEXIS 9287, at *10-11 (S.D.N.Y. May 24, 2004) (same).

### III. Conclusion

For the reasons stated in the Report, the Court grants

6

Plaintiff's motion for attorneys' fees, costs, pre-judgment interest, and post-judgment interest. The Court awards (1) attorneys' fees in the amount of $10,750.00; (2) costs in the amount of $349.65; (3) pre-judgment interest in the amount of $7,906.24; and (4) post-judgment interest in accordance with 28 U.S.C. § 1961. The Clerk of Court is directed to close this case. Any pending motions are moot.

       SO ORDERED.

Dated:    New York, New York
           May 14, 2008

                                            Kimba M. Wood
                                    United States District Judge